Turney, J.,
delivered the opinion of tbe Court.
It has been repeatedly held by this Court, “A bill of exceptions to become a part of the record must be made up and signed by the Judge at the term in which the trial is had.”
This means* that, if the bill of exceptions is incomplete in any particular, it is not in the power of the Court to change it — that as it is signed by the Court, so it must remain and continue, unless corrected or changed during the term at which the trial was had.
The object of the rule is to avoid the evil consequences of mistakes, or forgetfulness of testimony, that would necessarily come about in the time intervening between term and term.
*76 The term “bill of exceptions,” as used in the reports, means an entire thing, a record of the evidence and ruling of the Court in the cause, and it is as such that it must be made up and signed at the term of trial.
To have the rule to mean less or more is to make it mean nothing. If it can be added to for one purpose, it can be for all purposes. If it (the bill of exceptions) may be amended in one particular, it may be in every. And so the entire bill of exceptions could be, and often would be, changed throughout.
To add to or take from it, after it is signed, and after the adjournment of the Court, is a violation of the rule. Such additions or diminution can not be regarded as part of the bill of exceptions.
Sec. 2878 of the Code does not war with this view. The record there mentioned has reference alone to the minutes of the Court read in the presence of, and signed each morning by the Court, to be preserved as evidences of the judgments, decrees, and orders of the Court without reference to the testimony upon which they are based.
But if this were not so, the section can not apply. If we take the judgment of the Court as it appears upon the minutes, and the bill of exceptions as presented in this record, we find each is perfect, and without error upon its face, but inconsistent with the other; and to find in which is the error, we must look to extraneous circumstances, both being equally solerpn under the rule insisted upon.
"We are not, however, in this dilemma. An ap *77 peal from tbe judgment of a Circuit Court means an appeal from the conclusions and orders of that Court as expressed upon the record-book, these conclusions or orders being the deductions drawn by the Court from the evidences presented to the Court, or the predicates of the finding of a jury upon evidence, and without a recital of such evidence in detail, of whioh they are the fruits.
A bill of exceptions is submitted by the party dissatisfied with the judgment of the Court, and, as the name imports, is an objection to the action of the Court containing the grounds of such objections, in order that a revising court may pass upon the correctness of the judgment dissented from — this is its only office.
A recital in a judgment in a summary proceeding of all the facts necessary to such judgment, is not conclusive upon the party against whom the judgment is, if the bill of exceptions does not contain the evidence from which the establishment of such facts is legitimately deducible, else the office of a bill of exceptions in such cases is a vacancy.
It may be added, that at the time of this motion, the cause was pending in this Court, by appeal in error granted at a former term of the Circuit Court, and no Court but this had jurisdiction for any purpose.
In a proceeding by motion against a constable and his sureties on his bond, a recital in the bill of exceptions: “The defendants, the sureties of Shurman, then read their exceptions to the notice, which ex *78 ceptions were by the Court overruled, to which action of the Court, . the sureties of said Shuman who are defendants excepted/’ or the statement therein: “All appearances in this cause were made by the said securities, John R. Carson, J. D. Roberson and D. P. Steele” alone are not of themselves admission by the parties of the execution and existence of such bond and their suretyship thereon in this form, and for the causes of action discovered by the record before us, as will bind the parties here.
The parties may have consistently admitted their suretyship, (even if these expressions will bear such construction,) and insisted it was not to the extent claimed here, thereby making it the duty of the Court to interpret the bond, for which purpose it must have the bond before it, or its absence properly accounted for, and its contents satisfactorily shown by those most likely to know them.
In the absence of anything in the bill of exceptions showing the reading of the bond, or accounting for its absence, we are constrained to hold that the recital in the judgment, that the plaintiffs in error executed and acknowledged a bond, conditioned, etc., is an erroneous conclusion of law from the facts.
The action of the Circuit Court disallowing the motion' “to correct the bill of exceptions” is affirmed; but that giving judgment against plaintiffs in error is reversed, and the cause to that extent remanded.